

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DERRICK WILLIAMS, ET AL.,      §
                               §
        Plaintiffs,            §
                               §
VS.                            §   NO. 4:09-CV-139-A
                               §
WORLDWISE, INC., ET AL.,       §
                               §
        Defendants.            §

ORDER

After having reviewed the proposed final judgment contained
in the appendix filed in the above-captioned action on April 20,
2010, the court has made revisions to cause the document to be
consistent with the court's expectations.  For the most part, the
changes are not substantive.  However, two of them probably would
be viewed to be substantive.  The court has added to paragraph 3
the requirement that defendants, each through an authorized
representative, and defendants' attorney execute and deliver the
Release and Settlement Agreement.  The other is the addition of a
new paragraph 8, which has to do with perfection of the lien and
security interest that will be created by paragraph 9 of the
qualified assignment document that appears in the appendix.  A
copy of the court's revision is attached to this order as an
exhibit.  If any party has a concern as to any of the language in

the revision, such party should make that concern known by the
filing of an appropriate document as promptly as possible.

The court expects the parties to revise the signature and
verification pages of the Release and Settlement Agreement to
cause defendants, Worldwise, Inc., and Dolgencorp of Texas, Inc.,
d/b/a Dollar General Stores, to be added as signatories, with a

> "By:_____
> Authorized Representative"

below the name of each defendant for the signature of an
authorized representative.   The document should have a
verification, similar to the verifications shown at App. 31-32 of
the Appendix filed April 20, modified, of course, to take into
account that the verifications are to establish the authority of
the person or persons signing for the defendants to act on behalf
of the defendants in signing the document.   The redrawn release
and settlement agreement should be filed as a supplemental
appendix so that the court will have in the record for reference
in the final judgment the document that actually is to be
executed and delivered.

The court notes that paragraph 11 of the qualified
assignment document says that the Annuity will bear a legend of
the kind set off in quotation marks in paragraph 11.   The

2

proposed Group Annuity Contract Certificate that is contained in the appendix does not bear that legend.  Presumably it will bear it when issued.

 THE COURT SO ORDERS.

 SIGNED April 21, 2010.

           _____
          JOHN McBRYDE
          United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DERRICK WILLIAMS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL NO. 4:09-CV-139-A |
| | § | |
| WORLDWISE, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINAL JUDGMENT

On the 26th day of April, 2010, came on for consideration the above-captioned action.  The plaintiffs in this action are Dereka Williams ("Dereka"), a minor, and Derrick Williams and Estelita Williams, Individually and on Behalf of Dereka, their minor child, (collectively "plaintiffs").  The defendants are Worldwise, Inc. ("Worldwise") and Dolgencorp of Texas, Inc., d/b/a Dollar General Stores ("Dollar General") (collectively "defendants").

Dereka appeared in person and by and through her parents and her guardian ad litem, Massie Tillman, and her attorney of record, Stephen W. Drinnon ("Drinnon").  The adult plaintiffs, Derrick Williams and Estelita Williams, ("the Williams") appeared in person and by and through their attorney of record, Drinnon.  Defendants, Worldwise, Inc. and Dolgencorp of Texas,

**Exhibit to Order Signed April 21, 2010, in Case No. 4:09-CV-139-A (consisting of 11 pages)**

Inc., d/b/a Dollar General Stores, appeared by and through their attorney of record, Michael A. Hummert. Non-party Unigard Insurance Company ("Unigard"), the liability insurer for defendants, appeared through its attorney and authorized agent, Michael Hummert.

All parties announced to the Court that all matters in dispute in this litigation have been fully settled and compromised by a written settlement agreement ("Settlement Agreement") that contemplates (i) that plaintiffs and their attorneys are to receive from defendants cash and periodic payments, as provided in paragraphs 2(a) through 2(f) below, having a total present value of the sum of Four Hundred Thousand and No/100 Dollars ($400,000.00), (ii) that costs of court in the form of the fees of the guardian ad litem will be paid directly by defendants to the ad litem, and all other costs of court to be paid by the party incurring same, and (iii) that all claims and causes of action that were, or could have been, asserted by or on behalf of any of the adults or minor plaintiff against defendants, and all cross-claims that were, or could have been, asserted by either defendant against the other, will be dismissed with prejudice. The terms, conditions, and text of

2

the Settlement Agreement are set forth in the document titled "Release and Settlement Agreement" ("Release and Settlement Agreement"), found at pages APP. 12-36 of the Appendix filed in the above captioned action by plaintiffs on April 20, 2010 ("Appendix"). After hearing the evidence and statements of the parties, counsel, and the guardian ad litem, the court is of the opinion that the  Settlement Agreement is reasonable, fair, and just and in the best interest of the Dereka, and that it should in all things be approved.

1.    The Court ORDERS, ADJUDGES, and DECREES that the Settlement Agreement be and is hereby approved.

2.    The Court further ORDERS, ADJUDGES, and DECREES that, in keeping with the terms of the Release and Settlement Agreement, the total settlement proceeds of Four Hundred Thousand and No/100 Dollars ($400,000.00) shall be allocated and paid by defendants to the following identified persons and entities in the respective amounts set forth in subparagraphs (a) through (f) below:

(a)  For the use and benefit of Dereka, the total sum of $195,500.00 is to be paid to MetLife Tower Resources Group, Inc. to induce the latter to assume the periodic payment

3

obligations defendants have to Dereka pursuant to paragraph IV.C.1. of the Release and Settlement Agreement.  Such $195,500 payment to MetLife Tower Resources Group, Inc. is to be used for the purchase by it from Metropolitan Life Insurance Company of a "qualified funding asset" in the form of a Group Annuity Contract Certificate to provide periodic payments, as defined in Sections 104(a)(2) and 130 of the Internal Revenue Code of 1986 (the "Code"), as amended, by Metropolitan Life Insurance Company to Dereka, which payments are to be made as follows:

> (1)  Commencing 07/01/2014, Dereka will receive $12,500.00 semi-annually for four years (8 payments) guaranteed.  The last guaranteed semi-annual payment is due on 01/01/2018.

> (2)  Commencing 07/01/2014, Dereka will receive $1,000.00 monthly for four years (48 payments) guaranteed.  The last guaranteed monthly payment is due on 06/01/2018.

> (3)  Dereka will also receive the following guaranteed lump sum payments:

>> $25,000.00 due on 12/25/2019 (age 24)
>> $35,000.00 due on 12/25/2023 (age 28)
>> $70,071.82 due on 12/25/2026 (age 31)

If Dereka dies before all of the payments specified in paragraphs 2.(a)(1) through 2.(a)(3) immediately above have been made, all payments that have not been made shall be paid to the Estate of Dereka.   The Group Annuity Contract Certificate

4

contemplated by this subparagraph (a) shall be issued by Metropolitan Life Insurance Company in the form of, and worded the same as, the document that appears at pages APP 2-5 of the Appendix, and shall be accompanied by an Evidence of Guarantee of Metropolitan Life Insurance Company in the form of, and worded the same as, the document that appears at page APP 6 of the Appendix.

(b)   The Williams, individually, are to be paid the total sum of Four Thousand and No/100 Dollars ($4,000.00).

(c)   The total sum of Nineteen Thousand Six Hundred Sixteen and 51/100 Dollars ($19,616.51) is to be paid to the Clerk of the United States District Court for the Northern District of Texas for the use and benefit of Dereka, which payment shall be retained and invested by the Clerk for the use and benefit of Dereka until she becomes an adult, at which time the Clerk shall pay said amount, together with all income earned thereon, less whatever fees the Clerk is authorized by law to deduct therefrom, to Dereka, all subject, however, to further order of this Court pertaining to use and disposition of said amount and the earned income thereon.

(d)   The total sum of $8,998.38 is to be paid to Meridian Resource Company, LLC, as administrator for Cook Children's Health Plan (Medicaid).

(e)   The total sum of Twenty-Five Thousand Eight Hundred Seven and 43/100 Dollars ($25,807.43), as reimbursement for legal expenses incurred, is to be paid to Drinnon.

(f)   The total sum of One Hundred Forty-Six Thousand Seventy-Seven and 68/100 Dollars ($146,077.68) as attorneys fees is to be paid to Drinnon.

3.   The Court further ORDERS that before _____, 2010, the Williams, in each of the capacities in which they sue, and their attorney and defendants, each through an authorized representative, and defendants' attorney, shall execute the Release and Settlement Agreement and deliver it to defendants' attorney.

4.   The Court further ORDERS that defendants shall make and deliver the payments specified in paragraph 2(a), 2(c), and 2(d) above on or before _____, and shall make and deliver the payments specified in paragraphs 2(b), 2(e) and 2(f) above to Drinnon on or before _____.

6

5.   The Court further ORDERS that by _____, 2010, Drinnon shall file with the papers in this case, together with an appropriate cover document, a fully signed and acknowledged copy of the Release and Settlement Agreement, accompanied by a sworn statement by him that such Release and Settlement Agreement has been fully executed and delivered and that defendants have paid to the proper persons, in the proper amounts, the payments that are contemplated by paragraphs 2(a) through (f) of this Final Judgment.

6.   The Court further ORDERS, as authorized and contemplated by Section 142.009(a)(3) of the Texas Property Code, that if MetLife Tower Resources Group, Inc., after it has received the payments to be made to it pursuant to the directives of paragraph 2(a) above, fails for any reason to make the periodic payments contemplated by those paragraphs, Metropolitan Life Insurance Company shall make such payments.

7.   The Court further ORDERS that:

(a) The Group Annuity Contract Certificate by Metropolitan Life Insurance Company, contemplated by paragraph 2(a) above, with accompanying Evidence of Guarantee, shall be issued by Metropolitan Life Insurance Company and delivered by

it to Drinnon by _____, and Drinnon shall promptly deliver them to the Williams to be held by them in a safe, secure place for the benefit of Dereka.

(b) By _____, Drinnon shall file in this action a document to which he shall attach:

(i) Copies of the Group Annuity Contract Certificate, with copies of accompanying Evidence of Guarantee, that were issued and delivered to him, accompanied by a sworn statement by him that the copy of the Group Annuity Contract Certificate and Evidence of Guarantee attached to the document are copies of the Group Annuity Contract Certificate and Evidence of Guarantee that were issued for the purpose of providing the payments contemplated by paragraph 2(a) of this Final Judgment and that he has delivered the originals of all those items to the Williams with instructions that they are to retain and keep them in a safe and secure place for the benefit of Dereka; and

(ii) Copies of the Qualified Assignment, as it exists after having been fully executed and delivered, that is mentioned in the Release and Settlement Agreement, which shall

be in the form of, and worded the same as, the document that appears in the Appendix at pages APP 7-11.

8.   The Court further ORDERS that Drinnon (a) promptly, upon the execution of the qualified assignment document mentioned above, give, on behalf of plaintiffs, notice of the lien and security interest created by that document, as contemplated by paragraph 9 thereof, and (b) promptly take steps to cause such lien and security interest to be perfected under the laws of the State of Texas.

9.   The Court further ORDERS that the Clerk is authorized to deduct from the income earned by investment of the funds paid to the Clerk pursuant to this judgment, for the use and benefit of Dereka, fees not exceeding those fees authorized by law, and that such deduction can be made without further order of this Court.

10.   The Court further ORDERS, ADJUDGES, and DECREES that all claims and causes of action that were, or could have been, asserted by or on behalf of plaintiffs against defendants, and all cross-claims that were, or could have been, asserted by either defendant in this action against the other, be, and are hereby, dismissed with prejudice.

11.  The Court further ORDERS that Massie Tillman, the guardian ad litem for Dereka, be, and is hereby, awarded a fee in the amount of _____ Dollars ($_____) for his services as guardian ad litem, that such fee shall be paid by defendants, and that such payment is to be made to Massie Tillman by _____.

12.  The Court further ORDERS that all other costs of court incurred by the parties to this action be paid by the party incurring same.

13.  The Court further ORDERS that the guardian ad litem, Massie Tillman, be, and is hereby, relieved and discharged of any further duty, obligation, or responsibility whatsoever to Dereka, or as to any matter relating to this litigation, or the claims that have been asserted in this litigation.

14.  The Court further ORDERS that, in addition to providing copies of the Final Judgment to the parties, through their counsel, and the guardian ad litem, the Clerk mail a copy to each of the entities and addresses set forth below:

        Structured Annuities, Inc.
        4330 West Vickery Blvd.
        Fort Worth, Texas 76107-6399
        Attn: Dirk Weeks, C.S.S.C.

```
            Metropolitan Life Insurance Company
            1 MetLife Plaza, 6C
            Long Island City, New York 11101
            Attn: Maanavi Chendanda

            Metropolitan Life Insurance Company
            200 Park Avenue
            New York, New York 10166

      SIGNED April _____, 2010.




                         _____
                         John McBryde
                         United States District Judge
```